# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLOUS AFRIKAN WARRIOR GREENE,<br><br>            Plaintiff,<br><br>    v.<br><br>BRANDON PRICE, *et al.*,<br><br>            Defendants. | Case No. 1:17-cv-01491-DAD-EPG<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>(ECF No. 5)<br><br>**OBJECTIONS DUE WITHIN TWENTY-ONE (21) DAYS** |

      Plaintiff Marvellous Afrikan Warrior ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on November 6, 2017. (ECF No. 1.) The Court screened Plaintiff's complaint, provided legal standards related to the asserted claims, and gave Plaintiff an opportunity to amend his complaint or stand on his complaint subject to Findings and Recommendations to the District Judge. (ECF No. 4). Plaintiff filed his First Amended Complaint ("FAC") on February 9, 2018. (ECF No. 5). Plaintiff's claims appear to relate to him being let go from a job at his institution in Coalinga.

      The Court finds that Plaintiff has failed to state a claim for the reasons explained below. The Court recommends that the District Judge dismiss Plaintiff's First Amended Complaint and close the case.

## I. SCREENING REQUIREMENT

When a plaintiff seeks permission to pursue a civil case *in forma pauperis*, courts will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). In particular, 28 U.S.C. § 1915(e)(2) provides that a court shall dismiss a case at any time if it determines that, *inter alia*, the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A central function of this screening process is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff is a civil detainee at Coalinga State Hospital. Plaintiff names as defendants the Executive Director, a psychologist, a therapist, a social worker, and a psychiatrist at Coalinga State Hospital.

Plaintiff alleges that he has been filing various lawsuits for the past two decades "at this

plantation." He has been deemed a trouble maker. He has been lied on and his chart has been blown up with lies. He was assaulted and his response left the guy who hit him with a black eye and other injuries. In response, "they" took away his hospital job. A confidential source told him it was retaliation and retribution for the lawsuits. He was a janitor and when he moved from the kitchen crew, he was missed dearly. All his supervisors said "that when Greene plays his music he gets into a zone and work gets quickly done." Staff workers would call him to work on his days off and he always answered his call of duty.

He states, "to be perfectly honest, I put hands on Sean who had disrespected me while I was in my shower shoes." He was also advised he was on Brandon's "shit list," because he's a "major headache."

### III. INITIAL SCREENING ORDER

Plaintiff's initial complaint asserted a claim for a denial of a right to work. (ECF No. 1).

The Court screened Plaintiff's complaint and cited legal cases that explained there is no constitutional right to work for incarcerated individuals. It concluded with the following statement: "Plaintiff could have a claim to the extent that he was denied work on the basis of disability, race, or other protected class, or if the denial of work was in retaliation for exercise of a constitutional right." (ECF No. 4).

### IV. ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

As with his original complaint, Plaintiff does not state a claim to the extent he alleges he was denied work at Coalinga Hospital. There is no constitutional right for incarcerated individuals to work during incarceration. *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986) ("The discrete basic human needs that prison officials must satisfy include food, clothing, shelter, sanitation, medical care, and personal safety. Enforced idleness, taken alone, simply does not deprive a prisoner of any of these basic needs.") (internal citations omitted); *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) ("[T]he Due Process Clause of the Fourteenth Amendment does not create a property or liberty interest in prison employment . . . .") (internal quotations omitted); *Baumann v. Arizona Dept. of Corrections,* 754 F.2d 841, 846 (9th Cir. 1985) ("General limitation of jobs and educational opportunities is not considered punishment.").

Plaintiff claims in his FAC that he got into a fight with someone at the hospital and was let go of his job soon thereafter. He mentions this in the supporting facts, (ECF No. 5 at 3) ("I left the guy who hit me with a black eye busted chin and cuts to his left side of the face with a body slam. When I had gotton [sic] so-called teamed, they took away my hospital job."). He also mentions the fight in further supporting facts when he writes, "to be perfectly honest, I put hands on Sean who had disrespected me while I was in my shower shoes." *Id.* at 4. Plaintiff's allegations thus establish that he was let go from his job because of a fight. This is not protected conduct and does not establish a retaliation claim in violation of the Constitution.

Plaintiff also alleges "[a] confidential source told me it was retaliation and retribution from the two active civil lawsuits." *Id.* If Plaintiff had been fired in retaliation for filing lawsuits, this could state a claim for a violation of the First Amendment. The First Amendment protects the right to pursue civil rights litigation in federal court without retaliation. *Silva v. Di Vittorio*, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

The question is whether Plaintiff has alleged sufficient facts to establish that he was fired from his job because of filing two active civil lawsuits. Put another way, is alleging that a confidential source told him he was let go in retaliation for lawsuits sufficient to state a constitutional claim for retaliation in violation of the First Amendment in light of other allegations that he was fired following a fight?

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." . *Iqbal,* 556 U.S. at 678. The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *Autotel v. Nev. Bell Tel. Co.,* 697 F.3d 846, 850 (9th Cir.2012); *Corrie v. Caterpillar,* 503 F.3d 974, 977 (9th Cir.2007). The court is

"not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1070 (9th Cir. 2009) (citations and quotation marks omitted). Plaintiff has the responsibility to allege facts to state a plausible claim for relief. *Iqbal,* 556 U.S. at 678; *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir.2009) ("bald allegation of impermissible motive" was conclusory and not entitled to an assumption of truth at the pleading stage).

Under these legal standards, the Court recommends finding that Plaintiff has not asserted factual content that allows the Court to draw a reasonable inference that Defendants retaliated against Plaintiff for exercise of his First Amendment rights. Again, Plaintiff asserts in detail that he was involved in a physical fight with someone at the hospital. He alleges that after this fight, "they took away my hospital job." He alleges again that he was in fact involved in the fight. These allegations allow the reasonable inference that he was fired due to the fight.

The allegation that a confidential source told Plaintiff he was fired in retaliation is not sufficient to allow the Court to draw an inference that Defendants in fact retaliated against Plaintiff for exercising his First Amendment rights, rather than getting in a fight. The source is not named. There is no information how that person learned that the reason was retaliation for lawsuits. The allegation does not concern anything a defendant said or did. It is just an asserted conclusion from someone Plaintiff will not disclose.

Moreover, Plaintiff himself alleges that he had been filing lawsuits for a long time. (ECF No. 5 at 3) ("I have for the past 2 decades been filing legal state and federal writs and civil lawsuits."). Yet, until the fight happened, he had been working for the hospital. This course of conduct further supports that Plaintiff was fired due to the fight that just happened, and not Plaintiff's litigation that had been happening for many years.

Moreover, there is no allegation that any defendant told him that he was being let go in retaliation, making it implausible that the action was taken to deter him in litigation. Indeed, there are no allegations against any defendant at all—not the defendants' involvement in the firing or knowledge of any litigation.

For these reasons, the Court recommends finding that this allegation of a confidential source alone is not sufficient to state a claim for First Amendment retaliation under the legal standards above.

## V. CONCLUSION AND RECOMMENDATION

The Court recommends finding that Plaintiff's complaint fails to state any cognizable claim upon which relief may be granted under § 1983.

The Court will not recommend granting further leave to amend. The Court previously screened Plaintiff's original complaint and provided Plaintiff with leave to amend with the benefit of ample legal guidance.

Based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. This case be DISMISSED for failure to state a claim;
2. The Clerk of the Court be directed to CLOSE this case; and
3. This dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 21, 2018**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE